## IN RE IMPROVEMENT OF THIRD STREET, ST. PAUL. BALLARD STORAGE & TRANSFER COMPANY AND OTHERS, APPELLANTS.[1]

December 26, 1930.

No. 28,185.

*Thomas C. Fitzpatrick, William F. Hunt* and *Calvin Hunt,* for appellants.

*Eugene M. O'Neill* and *Lewis L. Anderson,* for respondent.

LORING, J.

This case comes here on an appeal from a judgment entered after an order denying a motion for a new trial in a proceeding before the district court of Ramsey county wherein certain assessments were made against the appellants' property on account of the improvement of Third street in the city of St. Paul.

[1]Reported in 233 N. W. 861.

In the year 1928 the city of St. Paul undertook to widen Third street, and in proceedings under its charter assessed the cost thereof against the benefited property. The property of these objectors was assessed a smaller amount for benefits than other property along the improvement because the street immediately in front of these lots was not widened. Later on it was determined to widen the street immediately in front of this property, and condemnation proceedings were instituted for that purpose. Thereafter benefits were assessed against these objectors' property, and that assessment has given rise to this controversy.

The first claim made by the objectors is that the whole cost of the present improvement was paid to the city of St. Paul by the county of Ramsey before these assessments were levied and that consequently the city cannot assess this property. The trial court found against this contention for the reason that the money paid over to the city by the county was not intended as an outright payment of the cost of the improvement but was an advance made to the city by the county, of the necessary money paid for the property taken in the condemnation proceedings. At the time the money was paid over, the amount of the assessment against the benefited property had not yet been determined, but it was necessary to pay for the property condemned and under the provisions of L. 1929, p. 114, c. 116, Ramsey county was authorized to aid the city of St. Paul in the development of thoroughfares like Third street. The county therefore turned over to the city $396,001.36, the entire cost of the property taken. The city council then assessed under the provisions of the city charter the sum of $7,476.22 against the benefited property. This item was made up of $6,256.43 assessed against the properties of the objectors and the sum of $1,219.79 assessed against benefited property which was not objected to. The city also received the sum of $4,500 from equipment sold out of the condemned buildings.

It was shown by the evidence that in similar proceedings the county advanced the money to the city and was then credited back at the completion of the project with any money received by the city which would reduce the cost or which arose from benefits assessed.

It also appears from the evidence that such was the plan to be pursued in this case and that money received from the sale of the equipment had already been turned back to the county and disposed of by it. Upon all the evidence we think that the trial court was justified in deciding that the money received from the county in excess of the net cost to the city of the improvement was an advancement and not an outright payment. It matters not what we call this arrangement so long as the funds were subject to a readjustment between the county and the city.

We find no diversion by the city of funds appropriated by Ramsey county for this specific improvement nor any attempt to divert the assessment against these objectors' property to other purposes than the improvement to which they are assessed.

There was testimony on the part of the civil engineer in the department of finance that he was instructed by somebody to figure out an assessment for these objectors' property in such an amount that it would equal the rate theretofore assessed on other Third street property in the first proceeding. This method was but a preliminary one, and it does not even appear that it was ever presented to the city council. In absence of evidence we must assume that the city council fairly considered the benefits to the property in question and made the assessment accordingly.

The judgment appealed from is affirmed.